UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-20475-CR-WILLIAMS/GOODMAN

18 U.S.C. § 1343
18 U.S.C. § 982(a)(2)

FILED BY ____MP____ D.C.
Dec 12, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES OF AMERICA

vs.

KEANDRA CARTER,

    Defendant.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

1. The United States Small Business Administration ("SBA") was an agency of the executive branch of the Government of the United States. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable

loans to small businesses for job retention, including the payment of payroll and certain other permissible expenses, through a program referred to as the Paycheck Protection Program ("PPP").

3. In order to obtain a PPP loan, a qualifying business, including a sole proprietorship, submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP Borrower Application Form for Schedule C Filers using Gross Income (SBA Form 2483-C), the small business (through its authorized representative) was required to provide, among other things, its: (a) total amount of gross income reported on its Schedule C for either 2019 or 2020; and (b) number of employees. The information on the application and the supporting documentation submitted therewith were used to calculate the amount of money the applicant was entitled to receive under the PPP.

4. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

5. Defendant **KEANDRA CARTER** was a resident of Miami-Dade County, Florida, who was employed by the City of Miami Police Department as a Public Service Aide.

6. The Financial Technology Company operated an online platform that received PPP loan applications from throughout the United States. The Financial Technology Company was not a PPP lender, but rather was a business that received and processed PPP applications for multiple

SBA-approved PPP lenders. The Financial Technology Company then would make qualified PPP applications available to one of the lenders that retained its services for the lender's review, final approval, and funding of the PPP loan.

7. The Lender was an SBA-approved lender for PPP loans, and processed PPP loan applications from applicants located throughout the United States. The Lender contracted with the Financial Technology Company to receive PPP applications for funding by the Lender. The Lender's servers were located outside the state of Florida.

8. The Bank was a bank that did business throughout the United States, including maintaining branches in the Southern District of Florida.

## COUNT 1
## Wire Fraud
## (18 U.S.C. § 1343)

1. Paragraphs 1 through 8 of the General Allegations section of this Information are re-alleged and incorporated by reference as through fully set forth herein.

2. From in or around April 2021, and continuing through in or around May 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**KEANDRA CERTER,**

did knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. The purpose of the scheme and artifice was for **KEANDRA CARTER** to unlawfully enrich herself by submitting a false and fraudulent PPP application to fraudulently obtain loan proceeds for her own use and benefit.

## THE SCHEME AND ARTIFACE

The manner and means by which **KEANDRA CARTER** sought to accomplish the purpose of the scheme and artifice included, among others, the following:

4. **KEANDRA CARTER** submitted to the Financial Technology Company, via interstate wire communications, a false and fraudulent PPP loan application (SBA Form 2483-C) claiming to be a sole proprietor operating a business under the tradename "Keandra Carter." That PPP loan application falsely and fraudulently represented the business' 2019 gross income, and as part of the application process, **CARTER** submitted a false and fraudulent IRS Form 1040, Schedule C, for tax year 2019. On both the Form 2483-C and the Schedule C, **CARTER** falsely represented that the sole proprietorship had gross income of $1,100,000 in 2019. The Financial Technology Company then passed this application package to the Lender for final review and funding.

5. As a result of this false and fraudulent application, **KEANDRA CARTER** obtained approximately $20,833 in PPP loan proceeds from the Lender that were electronically deposited by the Lender into **CARTER's** account at the Bank. This electronic deposit was made via interstate wire communications.

## USE OF WIRES

6. On or about the date specified below, in the Southern District of Florida, and elsewhere, **KEANDRA CARTER**, for the purpose of executing and in furtherance of the aforesaid

4

scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | April 4, 2021 | Electronic submission of a PPP loan application containing false information about the 2019 gross income of the sole proprietorship using the tradename Keandra Carter, including a false 2019 IRS Form 1040 Schedule C, causing a wire transmission from the Southern District of Florida to outside of the State of Florida |

In violation of Title 18, United States Code, Sections 1343 and 2.

(remainder of page intentionally left blank)

## FORFEITURE ALLEGATIONS

1. The allegations of this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **KEANDRA CARTER**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Information, the defendant, **KEANDRA CARTER**, shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

_____
EDWARD N. STAMM
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

Keandra Carter,

_____/
              Defendant.

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami   ☐ Key West   ☐ FTP
☐ FTL     ☐ WPB

I do hereby certify that:
1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __0__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)
   I    ☒ 0 to 5 days                  ☐ Petty
   II   ☐ 6 to 10 days                 ☐ Minor
   III  ☐ 11 to 20 days                ☐ Misdemeanor
   IV   ☐ 21 to 60 days                ☒ Felony
   V    ☐ 61 days and over
6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Edward N. Stamm
Assistant United States Attorney
FL Bar No.    373826

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Keandra Carter

**Case No**: _____

Count #: 1

Wire Fraud

18 U.S.C. § 1343
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): N/A
* Max. Supervised Release: 5 years
* Max. Fine: $250,000
* Special Assessment: $100

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. **23-20475-CR-WILLIAMS/GOODMAN** |
| Keandra Carter, | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

**A. Randall Haas, Esq.**
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*